## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ARUS WOODS, JR.

Case No. 20-CR-233

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

On October 7, 2021, Defendant Arus Woods, Jr. pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). *See* [84], [85]. This Court sentenced him on March 29, 2022 to 35 months in custody, with credit for time served in federal custody, followed by three years of supervised release. *See* [121].[1]

On December 11, 2022, Mr. Woods moved for relief under 28 U.S.C. § 2255, asking the Court to retract its finding at sentencing that he brandished a weapon. *See* [132]. Mr. Woods claims that the Court's brandishing finding makes him a violent offender in the BOP's view, which means he must serve his time in a medium-level prison and remains ineligible for work release after he serves his time. *Id.* The government opposes his § 2255 motion, *see* [134].

---

[1] The original judgment included a statement that restitution of $4,914 had previously been satisfied with seized funds. *See* [121] at 7. The Court entered an amended judgment on April 21, 2022, modifying the initial restitution order to indicate that the prior amount, $4,914, remained outstanding and requiring Mr. Woods to pay this amount to Merchants and Manufacturers Bank. *See* [126].

Under § 2255, relief is available only when the court imposes a sentence in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, the sentence imposed exceeded the maximum authorized by law, or the sentence "is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). The Seventh Circuit cautions that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A § 2255 motion is not a substitute for a direct criminal appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

Given the requisite standard, the Court denies Defendant's motion [132].

First, the application of the brandishing enhancement remains consistent with the factual record, including Mr. Woods' plea agreement. As part of his plea agreement, Mr. Woods admitted that, on December 31, 2019, he entered the Merchants and Manufacturers Bank "wearing a black face mask, a black hooded sweatshirt, dark pants, and gloves" and "pointed an object wrapped in a black plastic bag at bank employees." [85] at 2. Mr. Woods acknowledged in his plea agreement that the bank employees "believed defendant was pointing a firearm," and that they gave him "$4,914 in bank funds, including approximately 25 bait bills." *Id.* In conjunction with a video of the offense, this admission helped form the agreed factual predicate for the brandishing enhancement. Indeed, Mr. Woods does not argue that

2

the Court's sentence violated the Constitution or any law, or otherwise remains open to collateral attack.

Additionally, Mr. Woods' opposition to the brandishing enhancement is not new and his motion raises nothing new in terms of a basis to retract the prior finding. Even though Mr. Woods' current motion offers a new reason for wanting to avoid the brandishing enhancement—his desire to participate in work release—at sentencing, he raised a legal challenge to the application of this same enhancement, and the Court fully considered his arguments and objections at that time. He makes no claim that the Court got it wrong and does not challenge the bases for the Court's sentencing findings. Instead, he asks the Court to "correct" his sentence and eliminate the brandishing finding so that he can participate in a work release program after serving his sentence. But that is not an appropriate basis for relief under § 2255.

At sentencing, in light of Defendant's admission concerning his hand and the plastic bag, the Court noted that the plain language of the guidelines was inconsistent with the defense theory that the enhancement could not apply in the absence of an object (a gun or a toy gun). In particular, the Court cited application note (2) to § 2B3.1, which provides that an object shall be considered to be a dangerous weapon for purposes of § 2B3.1(b)(2)(E) if "the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury *(e.g., a defendant wrapped a hand in a towel during a bank*

3

*robbery to create the appearance of a gun*).” (emphasis added).  Noting that Mr. Woods walked into the bank with his hand wrapped in a plastic bag to make it look as if he had a gun, this Court specifically asked defense counsel how his theory or objection to the enhancement could withstand a plain reading of this provision and the agreed facts in his plea agreement.  [135] at 22.  In response, counsel argued that, despite this plain language, he still believed that the defendant needed to be holding some object, whether it be a real gun or a toy gun, and to the extent the plain language said otherwise, he chalked this up to imprecise drafting.  *Id.* at 23–24.  The Court rejected the argument and found that the Government had, in fact, demonstrated by a preponderance of the evidence that the brandishing enhancement applied:

> It is clear in the video that the defendant had an object in his right hand. The shape and size of it was more than just his own hand. Though under the guidelines, his hand would have been sufficient. It was wrapped in such a way that the shape was consistent with a firearm, at least a handgun, and the manner in which the defendant used it was consistent with the guideline as well. And I'm making that finding not just on the -- based on the video, which is disputed -- I'm resolving that dispute here against the defendant as a matter of fact -- but also the other portions of the record, including defendant's own admissions in the factual record and the other portions of the factual record the Court mentioned earlier.
>                                                   * * *
> I'll state now, though, that I don't believe it's a close issue especially when you read 2B3.1(b)(2)(E), Note 2.  This is squarely within what the guidelines intended and the guidelines are written with precision at least in this instance -- not in all instances, but certainly in this one -- and with respect, the defendant's objection to the government's enhancement is overruled.

*Id.* at 26–27.  Notably, Mr. Woods did not appeal the Court's sentence.

4

The Court appreciates that Mr. Woods wants to take advantage of a work release program at the end of his sentence. But that desire does not merit relief under § 2255. Accordingly, and for the same reasons articulated on the record at sentencing, the Court rejects Mr. Woods' arguments concerning the brandishing enhancement, denies Defendant's motion to correct sentence [132], and denies as moot his motion for a ruling [137].

Dated: June 1, 2023                          ENTERED:

John Robert Blakey
United States District Judge

5